# STUTSMAN COUNTY BANK v. WILLIAM JONES.

### (162 N. W. 402.)

**Promissory notes — action on — judgment — evidence — rulings of court — — prejudicial error.**

This is an action to recover on five promissory notes. A judgment for the defendant is reversed because of three prejudicial answers and because of a mass of prejudicial and incompetent evidence.

Opinion filed January 13, 1917.

Appeal from District Court, Stutsman County, *W. L. Nuessle,* J. Reversed.

*W. H. Padden* (*George W. Thorpe* and *Russell D. Chase,* of counsel), for appellant.

It is not necessary that a conversion be alleged in technical terms, but facts stated in the pleading determine whether or not it is a conversion. 21 Enc. Pl. & Pr. p. 1077, and cases; 38 Cyc. 2070, note 13, and cases; Jones v. Winsor, 22 S. D. 480, 118 N. W. 716.

A tort can never be maintained as a counterclaim, especially in opposition to an action on contract, excepting in very few instances. Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90; 34 Cyc. 706–710; Braitwaite v. Akin, 3 N. D. 365, 56 N. W. 133; Tuthill v. Sherman, 32 S. D. 103, 142 N. W. 257; Hoeven v. Morley, 36 S. D. 421, 155 N. W. 191; Pom. Code Remedies, §§ 669, 670.

If the court permits an amendment which clearly the law does not allow, it is error. 31 Cyc. 373.

Leave to amend should never be granted when it clearly appears that the pleader cannot truthfully do so, or that the application is for the purpose of delay. 31 Cyc. 373, 422; Fay v. Hunt, 190 Mass. 378, 77 N. E. 502.

A party seeking to amend must show good faith in all things. 31 Cyc. 372; Barkley v. Hibernia Sav. & L. Soc. 21 Cal. App. 456, 132

---

Note.—Some points of interest as to the proof of handwriting will be found discussed in the following notes: On opinion as to handwriting, 42 L.R.A. 771; on competency of witness as to handwriting, 63 L.R.A. 964.

Pac. 467; Silica Brick Co. v. Winsor, 171 Cal. 18, 151 Pac. 425; Holbert v. Keller, 161 Iowa, 723, 142 N. W. 962.

The rule allowing amendments is broad and liberal, but it should not be abused, as is too often the case. Holbert v. Keller, supra; Davis v. Hibernia Sav. & L. Soc. 21 Cal. App. 444, 132 Pac. 462.

And in passing upon a motion for permission to amend, the court should not act arbitrarily, but should exercise a sound, legal discretion. 31 Cyc. 370, 373.

The rule of pleading with reference to joinder of causes of action by counterclaim is the same as when the causes are set up in the complaint. McKinney v. Sundback, 3 S. D. 106, 52 N. W. 322.

Cause of action must be related and belong to the same class, if they cannot be united in the same complaint. The same rule applies as to counterclaims in an answer, for they must rest upon the same ground as a complaint. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; 31 Cyc. 422, and cases cited; Gould v. Gleason, 10 Wash. 476, 39 Pac. 123; Ballston Spa Bank v. Marine Bank, 16 Wis. 125; Jacobs v. Mexican Sugar Ref. Co. 115 App. Div. 499, 101 N. Y. Supp. 320; Iltis v. Chicago, M. & St. P. R. Co. 40 Minn. 273, 41 N. W. 1040.

But where the proposed amendment directly contradicts other parts of the answer, it can never be allowed. Further, the motion must be made with diligence, and the lack of diligence together with the want of any valid excuse therefor was alone sufficient to warrant the ruling disallowing the amendment. Paulsen v. Modern Woodmen, 21 N. D. 241, 130 N. W. 231; Pratt, H. & Co. v. Tailer, 99 App. Div. 236, 90 N. Y. Supp. 1023; Sunderland, Sel. Cas. on Proc. Code Pl. 695; Barton v. Laws, 4 Colo. App. 212, 35 Pac. 284; Townsend v. Sullivan, 3 Cal. App. 115, 84 Pac. 435; Case v. Watson, 22 La. Ann. 350; Wells, F. & Co. v. McCarthy, 5 Cal. App. 301, 90 Pac. 202; 31 Cyc. 423; Bransford v. Norwich Union F. Ins. Co. 21 Colo. 34, 39 Pac. 419; Dow v. Blake, 148 Ill. 76, 39 Am. St. Rep. 156, 35 N. E. 761; Newton v. Long, 13 Ky. L. Rep. 698, 22 S. W. 159; St. Clara Female Academy v. Northwestern Nat. Ins. Co. 101 Wis. 464, 77 N. W. 893.

The right to amend should not be made use of to harass the opposing party, or to delay the proceedings. Holbert v. Keller, 161 Iowa, 723, 142 N. W. 962.

The authority of a bank officer to make a contract for the bank

must be clearly shown before such contract can be offered in evidence. Comp. Laws 1913, § 5150; First Nat. Bank v. Michigan City Bank, 8 N. D. 608, 80 N. W. 766.

Oral evidence of a written contract upon which damages are claimed cannot legally be received. These written instruments were directly in issue, and the admission of such secondary evidence was fatal error. 1 Greenl. Ev. § 88; Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588; 2 Horwitz's Jones, Ev. § 201.

On cross-examination it is always proper to show the relations of the witness to the case and the parties,—his interest, his motives, and his knowledge of matters about which he testifies. State v. Kent, (State v. Pancoast) 5, N. D. 541, 35 L.R.A. 518, 67 N. W. 1052; Campau v. Dewey, 9 Mich. 381; Ah Doon v. Smith, 25 Or. 89, 34 Pac. 1093; Sayres v. Allen, 25 Or. 211, 35 Pac. 254; 3 Enc. Ev. 832; Abbott, Civ. Jury Trials, pp. 220, 221; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; 1 Thomp. Trials, 2d ed. § 408.

It is the rule that when the signature of a document is directly in dispute, the witness may testify that he saw the alleged subscriber write the identical signature upon the document. But this rule cannot here be applied because it has nothing to do with the question of standards for comparison, for the reason that if the answer applied to collateral instruments and signatures, it would raise a collateral issue as to the execution of such collateral instruments. 1 Wigmore, Ev. §§ 693, 1911, pp. 792, 793.

Witnesses who testify to handwriting must first qualify; and the question of qualification is a question of law for the court. 3 Horwitz's Jones, Ev. §§ 546, 549; 1 Wigmore, Ev. § 693.

"It is the belief which the witness entertains upon comparing the writing in question with its exemplar in his mind, derived from some previous knowledge." 1 Greenl. § 576; Horwitz's Jones, Ev. § 547, p. 603; 1 Wigmore, Ev. § 693.

"All evidence of handwriting, except where the witness saw the document written, is in its nature comparison." 1 Greenl. Ev. § 576; 3 Horwitz's Jones, Ev. §§ 547, 549; 3 Wigmore, Ev. § 1991; 6 Enc. Ev. p. 386.

Where the witness shows that his standard of comparison is his mental conception of the type of handwriting, having seen the party write

his name to collateral instruments, his testimony may be received. At best it is the belief of the witness, and its weight is for the jury. 1 Greenl. Ev. § 577; 1 Wigmore, Ev. §§ 693–696, 698; Abbott, Proof of Facts, pp. 509–512; 6 Enc. Ev. p. 370; 3 Horwitz's Jones, Ev. § 546.

"From having seen letters, bills, or other documents, purporting to be the handwriting of the party, and having afterward personally communicated with him respecting them, or having acted upon them as his, the party knowing and acquiescing in such acts, founded upon their genuineness," furnishes foundation for the belief of the witness. 1. Greenl. Ev. § 577; Wigmore, Ev. §§ 699–707, inclusive; Horwitz's Jones, Ev. § 547, especially on p. 605 and cases cited; 17 Cyc. 161, and cases cited.

"It is on this ground that clerks, cashiers, or other officers of banks at which a party has been accustomed to do business, may be competent to prove his handwriting, although they may never have seen him write." Berg v. Peterson, 49 Minn. 420, 52 N. W. 37; 9 Am. & Eng. Enc. Law, p. 273; 3 Horwitz's Jones, Ev. §§ 547, 548, 553, pp. 605, 606; Riggs v. Powell, 142 Ill. 453, 32 N. E. 482; Doe ex dem. Mudd v. Suckermore, 5 Ad. & El. 719, 111 Eng. Reprint, 1338, 2 Nev. & P. 16, W. W. & D. 405, 7 L. J. Q. B. N. S. 33; Wigmore, Ev. 2d ed. p. 269; Com. v. Webster, 5 Cush. 295, 52 Am. Dec. 715; Jones v. Huggins, 12 N. C. (1 Dev. L.) 223, 17 Am. Dec. 567; Amherst Bank v. Root, 2 Met. 532; Salazar v. Taylor, 18 Colo. 538, 33 Pac. 369; 6 Enc. Ev. 429, and cases; 17 Cyc. 179; Com. v. Eastman, 1 Cush. 189, 48 Am. Dec. 596; Sankey v. Cook, 82 Iowa, 125, 47 N. W. 1077; Martin v. Maguire, 7 Gray, 177; Van Sickle v. People, 29 Mich. 61; White Sewing Mach. Co. v. Gordon, 124 Ind. 495, 19 Am. St. Rep. 109, 24 N. E. 1053; Winch v. Norman, 65 Iowa, 186, 21 N. W. 511.

"Mere evidence of admission by a party that a writing was his is not enough." 3 Horwitz's Jones, Ev. § 555, p. 628.

"A signature not genuine might be admitted to be so if it would serve the purpose of defense." Rose v. First Nat. Bank, 91 Mo. 399, 60 Am. Rep. 258, 3 S. W. 876; Edmonston v. Henry, 45 Mo. App. 346; State v. Clinton, 67 Mo. 380, 29 Am. Rep. 506, 3 Am. Crim. Rep. 132; 3 Horwitz's Jones, Ev. § 555.

"Such a conclusive condition as to genuineness does not arise from opinions based on knowledge of handwriting." Wince v. Norman, 65

Iowa, 186, 21 N. W. 511; Spottiswood v. Weir, 80 Cal. 448, 25 Pac. 289; Territory v. O'Hare, 1 N. D. 43, 44 N. W. 1003; Moore v. United States, 91 U. S. 270, 23 L. ed. 346; 3 Horwitz's Jones, Ev. § 554, and cases; 15 Am. & Eng. Enc. Law, 266; Abbott, Proof of Facts, p. 513.

"Irrelevant papers are not admissible in evidence for the sole purpose of furnishing a standard of comparison; but to this rule exceptions are made in those cases where the papers offered are conceded by the opposite party to be genuine, or are such as he is estopped to deny, or where, for other reasons, no collateral issues can be raised by their introduction." Cochrane v. National Elevator Co. 20 N. D. 178, 127 N. W. 725; 15 Am. & Eng. Enc. Law, 2d ed. 268.

The use of specimens is limited in certain jurisdictions to those which are "admitted" to be genuine. The admission must be that of the party, and not of the witness, and made by the pleadings or during the trial, or for the purpose of the trial. 3 Wigmore, Ev. § 2021; Hyde v. Woolfolk, 1 Iowa, 159; Merritt v. Straw, 6 Ind. App. 360, 33 N. E. 657; State v. Minton, 116 Mo. 605, 22 S. W. 808; White Sewing Mach. Co. v. Gordon, 124 Ind. 495, 19 Am. St. Rep. 109, 24 N. E. 1053; Swales v. Grubbs, 126 Ind. 106, 25 N. E. 877; 17 Cyc. 165–167; Shorb v. Kinzie, 80 Ind. 500; Ratliff v. Ratliff, 63 L.R.A. 963, and note, 131 N. C. 425, 42 S. E. 887; Tucker v. Kellogg, 8 Utah, 11, 28 Pac. 870.

Where the principle of estoppel permits the introduction of the standard as genuine, it must be where the party against whom the standard is to be used is judicially estopped to deny the same according to the same rules as apply to judicial admissions. Swales v. Grubbs, 126 Ind. 106, 25 N. E. 877; Rose v. First Nat. Bank, 91 Mo. 399, 60 Am. Rep. 258, 3 S. W. 876; 17 Cyc. 180, note 17; Smith v. Hanson, 18 L.R.A.(N.S.) 520 and notes, 34 Utah, 171, 96 Pac. 1087; University of Illinois v. Spalding, 71 N. H. 163, 62 L.R.A. 817, 51 Atl. 731; State v. Seymour, 10 Idaho, 699, 79 Pac. 825; Wade v. Galveston, H. & S. A. R. Co. — Tex. Civ. App. —, 110 S. W. 84.

"After evidence has been given in support of a writing, it may be corroborated by comparing the writing in question with a writing concerning which there is no doubt." Baker v. Haines, 6 Whart. 284, 36 Am. Dec. 224; Travis v. Brown, 43 Pa. 9, 82 Am. Dec. 540.

"The witness may refresh his recollection by the use of the document

which he saw written, or other documents known to be genuine, but he must testify independently of the comparison." 15 Am. & Eng. Enc. Law, 2d ed. 270, and cases cited; White v. Gordon, 124 Ind. 495, 19 Am. St. Rep. 109, 24 N. E. 1053; 17 Cyc. 158, and notes, 2171.

The rule is established upon the ground that otherwise there could be no evidence of signatures, and the law does not recognize impossibilities. Pepper v. Barnett, 22 Gratt. 405; Burr v. Harper, 1 Holt, N. P. 420; Redford v. Peggy, 6 Rand. (Va.) 316; McNair v. Com. 26 Pa. 388; 3 Wigmore, Ev. §§ 2007, 2017; 1 Wigmore, Ev. § 785; Roe ex dem. Brune v. Rawlings, 7 East, 282, 103 Eng. Reprint, 107, 3 Smith, 254; 15 Am. & Eng. Enc. Law, 258; Abbott, Proof of Facts, p. 514; 6 Enc. Ev. p. 418, and cases; 17 Cyc. 183.

Where it clearly appears that two signatures purporting to be that of the same person, being exactly alike, it has been recognized as a fact that one signature must have been traced over the other, to bring into existence such a likeness, and therefore opinion evidence is a relevant, and it is error to disallow it. 3 Horwitz's Jones, Ev. § 553; 15 Am. Enc. Law, 277; Stitzel v. Miller, 250 Ill. 72, 34 L.R.A.(N.S.) 1004, 95 N. E. 53, Ann. Cas. 1912B, 412; University of Illinois v. Spalding, 62 L.R.A. 870, note.

*Knauf & Knauf,* for respondent.

"The amendment of the answer was a matter entirely within the discretion of the superior court." Rev. Laws, chap. 178, § 48; Richmond Iron Works v. Woodruff, 8 Gray, 447; Smith v. Whiting, 100 Mass. 122.

These and like acts are done and allowed by the court in furtherance of justice, and the action of the court in allowing or refusing amendments will not be disturbed unless it clearly appears that its discretion has been abused. Comp. Laws 1913, § 7482; Nassau Sav. Bank v. Lovejoy, 1 N. D. 211, 46 N. W. 411; Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855; Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114; Rae v. Chicago, M. & St. P. R. Co. 14 N. D. 507, 105 N. W. 721; Barker v. More Bros. 18 N. D. 82, 118 N. W. 823; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Kersten v. Great Northern R. Co. 28 N. D. 3, 147 N. W. 787; Jackson v. Jackson, 94 Cal. 446, 29 Pac. 957;

French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A. 1915D, 766, 151 N. W. 7.

Good logic presents no reason why signatures sworn to be those of the person claiming to have made them should not be given the jury to compare with the signature which he denies that he made. It does not involve collateral issues. Comp. Laws 1913, § 7871; Dietz v. Grand Rapids Fourth Nat. Bank, 69 Mich. 287, 37 N. W. 220; 1 Greenl. Ev. §§ 100, 576-582.

Such evidence is to be weighed by the jury to determine its value just the same as other testimony offered to the jury. Greenl. Ev. § 575; 3 Horowitz's Jones, Ev. §§ 546-549; 6 Enc. Ev. 387.

Where the signature of a person to a document in the case is disputed, checks, notes, and other instruments confessedly signed by him are proper evidence to give to the jury for comparison. Com. v. Eastman, 1 Cush. 189, 48 Am. Dec. 600; Sankey v. Cook, 82 Iowa, 125, 47 N. W. 1077.

Evidence respecting handwriting may be given by comparison made by experts, or by the jury, with writings of the same person which are proved to be genuine. Code, § 3655; Winch v. Norman, 65 Iowa, 186, 21 N. W. 511; Hyde v. Woolfolk, 1 Iowa, 162; Van Sicle v. People, 29 Mich. 61; 1 Rice, Ev. p. 339.

In this age, when all men read and write, the jury is quite as capable as paid experts to judge of handwriting. Cochrane v. National Elevator Co. 20 N. D. 178, 127 N. W. 725; Morris v. Norton, 21 C. C. A. 553, 43 U. S. App. 739, 75 Fed. 912.

Plaintiff cannot stand silently by and hear the sworn statements of the genuineness of the signatures on which both plaintiff and defendant acted and not deny them, and afterwards complain. Oliver v. Louisville & N. R. Co. 43 La. Ann. 804, 9 So. 431; Johnson v. Day, 78 Me. 224, 3 Atl. 647; Jewett v. Banning, 21 N. Y. 27; Corser v. Paul, 41 N. H. 24, 77 Am. Dec. 753; 2 Greenl. Ev. §§ 197, 230, 232; Phelps v. Gilchrist, 28 N. H. 266; Molineux v. Eastman, 14 N. H. 507; 1 Phillips Ev. Cowen & Hill's Notes, 358; Com. v. Call, 21 Pick. 522, 32 Am. Dec. 284; Hersey v. Barton, 23 Vt. 685; Brainard v. Buck, 25 Vt. 579, 60 Am. Dec. 291; Boston & W. R. Co. v. Dana, 1 Gray, 104; Humphreys v. Guillow, 13 N. H. 385, 38 Am. Dec. 499.

"The rule extends to declarations made in the presence of officers or

agents of a corporation who have the authority to act for and bind the corporation with respect to the matters to which the statements made in their presence relate." O. S. Paulson Mercantile Co. v. Seaver, 8 N. D. 215, 77 N. W. 1001; Homer v. Wallis, 11 Mass. 309, 6 Am. Dec. 169; Hammond's Case, 2 Me. 33, 11 Am. Dec. 39; Ferrers v. Shirley, Fitzg. 195, 94 Eng. Reprint, 716; Titford v. Knott, 2 Johns. Cas. 211; Com. v. Carey, 2 Pick. 47; Griffiths v. Williams, 1 Cromp. & J. 47, 148 Eng. Reprint, 1329; Moody v. Rowell, 17 Pick. 490, 28 Am. Dec. 318; Rogers v. Ritter, 12 Wall. 317, 20 L. ed. 417; Berg v. Peterson, 49 Minn. 420, 52 N. W. 37; Salazar v. Taylor, 18 Colo. .538, 33 Pac. 369.

The common-law rule has been modified in this country, and any writing admitted or proved to contain the genuine writing or signature of the party may be admitted for the purpose of being used as a standard of comparison, although not admissible for any other purpose. Mississippi Lumber & Coal Co. v. Kelly, 19 S. D. 577, 104 N. W. 265, 9 Ann. Cas. 449; Cannon v. Sweet, — Tex. Civ. App. —, 28 S. W. 718; Moore v. Palmer, 14 Wash. 134, 44 Pac. 142; University of Illinois v. Spalding, 71 N. H. 163, 62 L.R.A.817, 51 Atl. 731; Tyler v. Todd, .36 Conn. 223.

If the presiding judge is satisfied of the genuineness of the signature to the exhibits from the proofs offered, they are proper to go to the jury for comparison purposes. Lyon v. Lyman, 9 Conn. 56; Costello v. Crowell, 133 Mass. 352; Richardson v. Newcomb, 21 Pick. 317; Moody v. Rowell, 17 Pick. 495, 28 Am. Dec. 317; Homer v. Wallis, 11 Mass. 309, 6 Am. Dec. 169; Sweetser v. Lowell, 33 Me. 446; Woodman v. Dana, 52 Me. 9; Wilson v. Beauchamp, 50 Miss. 24; Garvin v. State, 52 Miss. 209; State v. Hastings, 53 N. H. 460; Bell v. Brewster, 44 Ohio St. 690, 10 N. E. 679; Bragg v. Colwell, 19 Ohio St. 407; Koons v. State, 36 Ohio St. 198; Pavey v. Pavey, 30 Ohio St. .600; Adams v. Field, 21 Vt. 256; State v. Ward, 39 Vt. 225; Rowell v. Fuller, 59 Vt. 688, 10 Atl. 853; Hanriot v. Sherwood, 82 Va. 1; State v. Thompson, 80 Me. 194, 6 Am. St. Rep. 172, 13 Atl. 892, 7 Am. Crim. Rep. 164; Com. v. Coe, 115 Mass. 504; Costello v. Crowell, 133 Mass. 352, 139 Mass. 590, 2 N. E. 698; Nunes v. Perry, 113 Mass. 276; Gurley v. Armentraut, 6 Ohio C. C. N. S. 156, 27 Ohio C. C. .199; Jacobs v. Boston Elev. R. Co. 188 Mass. 245, 74 N. E. 349;

Baker v. Haines, 6 Whart. 284, 36 Am. Dec. 224; M'Corkle v. Binns, 5 Binn. 340, 6 Am. Dec. 420; Vickroy v. Skelley, 14 Serg. & R. 372; Callan v. Gaylord, 3 Watts, 321; Lodge v. Phipher, 11 Serg. & R. 333; Farmers' Bank v. Whitehill, 10 Serg. & R. 110; Bank of Pennsylvania v. Haldeman, 1 Penr. & W. 161; 2 Starkie, Ev. 375.

In England and in the earlier decisions in this country, such exhibits of genuine signatures of persons to prove the disputed signature were inadmissible, and should not go to the jury for comparison purposes, chiefly because of the fact that many of the jurors were unable to read or write. But this rule is not now followed in this country. Cochrane v. National Elevator Co. 20 N. D. 169, 127 N. W. 725; Jacobs v. Boston Elev. R. Co. 188 Mass. 245, 74 N. E. 349; 23 Century Dig. § 112, Col. 1687; Schmuck v. Hill, 2 Neb. (Unof.) 79, 96 N. W. 158; Hobart v. Verrault, 74 App. Div. 444, 77 N. Y. Supp. 483; Pulliam v. Sells, 124 Ky. 310, 99 S. W. 289; State v. Seymour, 10 Idaho, 699, 79 Pac. 825; Gurley v. Armentraut, 6 Ohio C. C. N. S. 156, 27 Ohio C. C. 109; Groff v. Groff, 209 Pa. 603, 59 Atl. 65; Mississippi Lumber & Coal Co. v. Kelly, 19 S. D. 577, 104 N. W. 265, 9 Ann. Cas. 449; Morrison v. Porter, 35 Minn. 425, 59 Am. Rep. 331, 29 N. W. 54; Cochran v. Stein, 118 Minn. 323, 41 L.R.A.(N.S.) 391, 136 N. W. 1037; Smith v. Hanson, 34 Utah, 171, 18 L.R.A.(N.S.) 520, 96 Pac. 1087; State v. Coleman, 17 S. D. 594, 98 N. W. 175; Macomber v. Scott, 10 Kan. 335; Moody v. Rowell, 17 Pick. 452, 28 Am. Dec. 318; State v. Kent, 83 Vt. 28, 26 L.R.A.(N.S.) 990, 74 Atl. 389, 20 Ann. Cas. 1334; 2 Elliott, Ev. § 1103; State v. Thompson, 80 Me. 194, 6 Am. St. Rep. 172, 13 Atl. 892, 7 Am. Crim. Rep. 164; Dietz v. Fourth Nat. Bank, 69 Mich. 287, 37 N. W. 220; Homer v. Wallis, 11 Mass. 309, 6 Am. Dec. 169; Travis v. Brown, 43 Pa. 9, 82 Am. Dec. 540; State v. Minton, 116 Mo. 605, 22 S. W. 808.

An expert need not have previous acquaintance or knowledge of the standard to authorize him to express an opinion from comparison. 15 Am. & Eng. Enc. Law, 277; Woodman v. Dana, 52 Me. 9; Travis v. Brown, 43 Pa. 9, 82 Am. Dec. 540.

ROBINSON, J. In this case the judgment must be reversed, with costs of both courts, and a new trial awarded. The record abounds with errors, and it gives a strong conviction to the writer of this opinion

that counsel for defendant has been trifling with the due administration of justice. Nearly two years ago this action was commenced to recover from the defendant about $6,800 and interest on five promissory notes. The first answer admits the making of the notes, and then goes on to state a lot of prejudicial matter which was neither a defense nor a counterclaim. There is a second and a third answer, in which the making of the notes is denied, but each answer admits an indebtedness to about the amount of the notes, and then states a mass of prejudicial matter which was neither a defense nor a counterclaim. And at the close of the trial, after evidence had been offered to sustain the prejudicial matter called a counterclaim, it was dismissed on motion of counsel for the defendant.

It is true counsel for defendant claims the first answer "was hurriedly drawn by counsel and hurriedly signed by defendant, *who knew not the contents of the answer and who had not read the complaint,* and who did not know the description of the notes in the complaint." It is said: "He had informed counsel that there was an unpaid balance on the notes he had given the bank for the sum of $6,800, but that he had many effects, and counsel, believing the plaintiff bank to have set out the notes actually given by William Jones, *hurriedly drew the answer,* and William Jones signed it to catch his train home." (Brief, page 3.)

The complaint on the five promissory notes is short. It can be read understandingly in five minutes, and it is duly verified. There should have been no such haste and rush as to require the defendant to sign and to verify an answer when he *"knew not the contents of the answer and had not read the complaint."*

On the trial there was a great conflict of testimony, and doubtless some reckless swearing as to whether or not defendant signed the notes. For the purpose of disproving the signatures on the five promissory notes by comparing the same with signatures on other documents not in the case, the defendant put in evidence numerous checks and documents, with evidence to show that the same bore the genuine signature of Jones. Objections were duly made that every such document presented a new issue on the genuineness of the signature to each particular document. On this point there are perhaps one hundred errors occurring and duly assigned, when one such error should have been quite sufficient.

There are three ways of proving the signature to an instrument: The first is by the persons who were present and saw it signed, the second is by persons who have gradually become acquainted with the signature and know it just the same as one man knows another, the third is by experts who may give their opinion by comparing the signature in question with signatures confessedly genuine, and not made for the purpose of comparison.

The issue was only on the genuineness of defendant's signature to the notes, and the case should not have been prejudiced and lumbered with any matter not material to that issue. As it is manifest there has not been a fair trial, a new trial is granted, and it is by this court ordered and adjudged that the judgment herein be reversed, with costs of both courts. And it is ordered within fifteen days after the remittitur is filed, the plaintiff may elect to amend his complaint so as to state a cause of action based on the consideration for which the notes were given, as well as a cause of action on the notes, because if the defendant was owing $6,800, as alleged in the answer, it was not paid or discharged by the giving of void or counterfeit notes. And if the complaint be amended, the defendant must answer the same within fifteen days.

GRACE, J. I dissent.

CHRISTIANSON, J. I concur in the result only.

GRACE, J. I dissent to the within opinion only on the ground: It is my opinion that the exhibits in the form of checks are competent testimony for one purpose, namely, to be used as a standard of comparison in proving the genuineness of the handwriting in question. They would not be admissible for any other purpose in the case.

On Petition for Rehearing (filed April 23, 1917).

ROBINSON, J. In this case the original opinion clearly points out that there was not a fair trial and that the defense was not fairly conducted. Even though the court may have been justified in assuming the good faith of counsel and in allowing three successive prejudicial amend-

ments of a pleading to be afterwards voluntarily abandoned and stricken out, and in allowing counsel to encumber the record with repeated offers of irrelevant and incompetent testimony, it does not justify the counsel; and it does not justify counsel in permitting his client to sign and swear to a pleading without reading it and knowing its contents. This court does not purpose by silence to approve such conduct or to pass it without rebuke. The motion for a rehearing is denied.

CHRISTIANSON, J. (concurring specially). Certain matters discussed and language used in the original opinion did not wholly meet with my approval, but as the result, in my opinion, was right, I concurred in such result only. I have considered the petition for rehearing and still believe that the result announced in the original opinion was correct, I therefore concur in denying the petition for rehearing. I do not, however, concur in the views expressed by Mr. Justice Robinson, either in the original opinion or in the opinion upon rehearing criticizing the conduct of respondent's counsel, and I am authorized to say that all the remaining members of the court share my views on this latter question.