FARMERS ELEVATOR COMPANY of Williston, North Dakota, a Corporation, Appellant, v. E. H. WEIL, Respondent.

(180 N. W. 23.)

**Evidence — fraud — testimony of bankers that signatures indorsed on backs of grain checks were not in defendant's handwriting held admissible.**

In an action to recover moneys alleged to have been fraudulently obtained through the issuance of grain checks, where the plaintiff in its complaint has alleged that the defendant forged signatures of payees' names in such checks, and where further in its proof it has sought to establish that the defendant did sign and forge in his own handwriting the names of payees on the backs of such checks, testimony of bankers to the effect that such signatures so indorsed on such check were not in the handwriting of the defendant, and that some of them were in the handwriting of plaintiff's manager, was both competent and material.

Opinion filed November 26, 1920.

Action in District Court, Williams County, *Fisk,* J.

From a judgment of dismissal and an order denying a new trial, the plaintiff has appealed.

Affirmed.

*John E. Greene,* for appellant.

Whatever is immaterial to the issue may at least be regarded as collateral matter, and the rule is well established by the decisions of this court that to permit impeachment on collateral matter is error. Becker v. Kane, 8 N. D. 615, 80 N. W. 805; State v. Haynes, 7 N. D. 70, 72 N. W. 923; State v. MaGahey, 3 N. D. 293, 55 N. W. 753; McMillan v. Atchison, 3 N. D. 183, 54 N. W. 1030; Schnase v. Goets, 18 N. D. 594, 120 N. W. 553.

*Craven & Converse* and *U. L. Burdick,* for respondent.

One who has seen another write may testify, and it is not necessary that the witness should be an expert. Jones, Ev. §§ 546, 549, Value of Testimony.

If a witness has become familiar with the handwriting of a person, he may testify as to the genuineness of the alleged handwriting of that person although it appears to be simulated and disguised. 5 Enc. Ev. 524, Discretion of Court; 5 Enc. Ev. 643, Conflict Between Expert and Other Testimony.

Where opinion evidence is otherwise admissible, the fact that other witnesses have testified who purport to state facts within their knowledge does not effect the admissibility of such opinion. 5 Enc. Ev. 659.

There are three ways of proving the signature to an instrument: The first is by the persons who were present and saw it signed; the second is by persons who have gradually become acquainted with the signature and know it just the same as one man knows another; the third is by experts who may give their opinion by comparing the signature in question with signatures confessedly genuine, and not made for the purpose of comparison. Stutsman County Bank v. Jones, 36 N. D. 531; People v. Molineux, 168 N. Y. 264, 62 L.R.A. 193, 61 N. W. 286.

Witnesses having knowledge of parties' handwriting are competent to testify as to its genuineness. Travis v. Brown, 43 Pa. 9, 82 Am. Dec. 540.

BRONSON, J. This is an action to recover moneys alleged to have been fraudulently obtained upon the issuance of grain checks, pursuant to a conspiracy existing between the defendant and the manager of plaintiff's elevator. From a judgment entered upon a verdict of the jury, dismissing the action, and from an order denying a new trial,

the plaintiff has appealed. The facts, necessary to be stated, are as follows:

From April to December, 1914, inclusive, one Graslie was the manager, assistant secretary, and the grain buyer for the plaintiff's elevator at Williston. The defendant was a merchant engaged in the clothing business at Williston. The plaintiff, among other things, alleged that this Graslie during the time above stated, for the purpose of cheating and defrauding the plaintiff, drew a number of checks for the purchase of grain payable at a bank in Williston, and to fictitious payees; that such checks were not issued for purposes of any grain purchased; that they were drawn by Graslie with the full knowledge and connivance of the defendant; that the defendant received the same, forged and indorsed the names of the payees therein, negotiated and collected the proceeds thereof out of the funds of this plaintiff. That the purpose and design was to cheat and defraud the plaintiff, and to appropriate to his own use the money so received. It appears in the evidence that some twenty-one grain checks, aggregating $1,605.50, were drawn by this Graslie as agent of the plaintiff, payable at a bank in Williston, with various parties named therein as payees. Each of such checks stated the grain, its weight, dockage, and the price paid therefor. These checks were received and negotiated by the defendant. His signature appears on the back of each of the checks, either in his handwriting or by a rubber-stamp signature. In addition, there is an indorsement of the name of the payee upon each of such checks.

This Graslie, in a deposition taken at Minneapolis, testified that, after he became manager, he had a talk with the defendant to the effect that he should issue or pay to him checks, and that he would be a fool if he did not make some money out of the handling of grain. That, pursuant to this proposition suggested by the defendant, he issued the checks mentioned, giving them, sometimes to the defendant at the elevator, and sometimes at his store. He further testified that he had the sole and exclusive management of the business, and issued the checks. Concerning many of these checks, he further specifically testified that the defendant signed and indorsed the names of each payee therein in his presence and when the payee therein was not present. Concerning some of the checks he testified that he knew no such man as the payee therein designated. Further, that he received himself

money on these checks and the defendant received the balance. He further gave testimony to the effect that the issuance of some of these checks did not represent genuine wheat or grain transactions. This witness did not know what amounts he himself received; he did not know whether he indorsed or signed names of payee upon such checks; he was certain, however, that he delivered the checks involved to the defendant. The defendant, through his testimony, denied that he indorsed the names of any of the payees named in the checks. He did not recall any of the payees as known to him at the time he cashed the same or took them in trade. Three witnesses engaged in the banking business testified for the defendant. Their testimony in general is to the effect that they were acquainted with the handwriting of the defendant for many years, and that, in their opinion, the indorsed signatures of the payees of such checks were not in the handwriting of the defendant, and, in some instances, that they were in the handwriting of this Graslie. Upon this appeal, the contention made by the plaintiff is that the trial court erred in receiving this testimony of such witnesses concerning the handwriting of such checks, for the reason that the only vital question concerned was whether the defendant accepted the checks in question and collected the money thereon in furtherance of the fraudulent scheme alleged by the plaintiff; that the question whether or not this Graslie or the defendant indorsed such checks by their writing the names of the payees thereon was wholly immaterial, and the admission of such testimony was therefore prejudicial. That further, under the circumstances, such testimony amounted merely to an expression of the opinion of such bankers that the defendant Weil was telling the truth.

We are clearly of the opinion that the trial court did not err in receiving the testimony of such bankers. Where the plaintiff has alleged a fraudulent scheme for obtaining money which involved, by a direct allegation made, a forgery of the names of the fictitious payees by the defendant, and where further in its proof it has sought to establish such forgery as a fact, pursuant to such fraudulent scheme as alleged, it was clearly proper for the defendant to establish by competent evidence not only through himself, but also through others, that he did not indorse or sign the names of such payee in such checks himself.

As evidence tending to establish such fraudulent conspiracy, and

in proof of its consummation, the plaintiff did seek to prove that the defendant forged in his own handwriting signatures to the checks. Clearly the defendant had the right to negative such evidence by proof that such signatures were not in his handwriting, or by proof that they were in the handwriting of Graslie, whose testimony, at least in part, was to the contrary. For such purposes, the evidence of the bankers was admissible. See 22 Cyc. 624; Stutsman County Bank v. Jones, 36 N. D. 531, 541, 162 N. W. 402. The issues in this action were fairly submitted to, and determined by, the jury. The judgment is affirmed, with costs to the respondent.